UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

RAMON J. FRANCIS                                                                                              Plaintiff

v.                                                                                    Civil Action No. 3:22-CV-665-RGJ

REALTOR, *et al.*                                                                                          Defendants

\* \* \* \* \*

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Ramon J. Francis's *pro se*, *in forma pauperis* complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, the action will be dismissed.

### I.

Plaintiff initiated this action on a "Complaint for Employment Discrimination" form.  [DE 1].  However, he did not check any of the federal statutes that apply to employment discrimination on the form.  Instead, he checked the box marked "Other federal law" and wrote "Exhibit enabling: **Liar/Leud/Lasvascious**; Federal ID **enabling impersonation/theft**."  [*Id*. at 4].  Plaintiff sues the following: Realtor, located in Santa Clara, California; Redfin, located in Seattle, Washington; RE/MAX located in Denver, Colorado; and Crexi, located in Los Angeles, California.

In the "Statement of the Claim" section of the complaint, Plaintiff states *in toto*:

Theft by unlawful aide over $300 liabilizes Defendant to Plaintiff, and thief of a Federal Mail box of the year 2016 at 1125 S. 8th St. Unit 11 Louisville, Kentucky 40203.  Since corporate the amount stolen will not be shared it is owed from Defendant to Plaintiff by compliance to unaided of theft by unlawful aide; Incompliance to charge Defendant by life sentence imprisonment and keep of earnings by life sentenced imprisonment aide to enabling Federal theft by unlawful impersonation over $300.

[*Id*. at 6]. In the "Relief" section of the complaint form, Plaintiff writes *in toto*:

> By Magistration Order Defendant enabling violation of Plaintiff life imprisonment of employee to Defendant addressive information if unpaid through payment form attached to case Order by Federal ID, State ID, Birth Certificate, Social Security Number of Real Estate Broker about Federal ID homicide enabling damage
>
> Federal ID of Defendant to account against aide to Federal IID theft by unlawful impersonation to account percentage of $1,428,571,422.85 percentaged by employee to Order mediated enabling

[*Id*. at 7].

## II.

The Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972). The duty to be less stringent with *pro se* complaints, however, "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted), and the Court is not required to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. "Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist[.]" *Id.* "Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." *Id.* at 328; *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (indicating that an action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible"). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328)). *See also Watkins v. NBC*, No. 3:19-CV-12-RGJ, 2019 WL 267738, at *1 (W.D. Ky. Jan. 18, 2019).

Upon review, the Court finds that the complaint contains no coherent factual allegations to support a legal theory upon which a valid legal claim may rest. While the complaint is typed, "the words often do not form coherent sentences, nor do they convey clear thoughts." *Clervrain v. Sawyer*, No. 1:20-CV-348, 2020 WL 3424893, *2 (W.D. Mich. June 23, 2020). Instead, Plaintiff's complaint is comprised of exactly the type of "fantastic" and "delusional" factual allegations that warrant dismissal for frivolousness. *See, e.g., Burley v. Unknown Defendants*, No. 2:15-CV-143, 2015 WL 8488652, at *3 (S.D. Tex. June 19, 2015). Therefore, the complaint must be dismissed as frivolous.

Furthermore, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when

3

the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).  Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard, as well.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   May 10, 2023

Rebecca Grady Jennings, District Judge
United States District Court

cc:     Plaintiff, *pro se*
A961.014